IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RODERICK WARNER WHELESS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:13CV741 |
| | ) | 1:07CR230-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, has submitted a Motion [Doc. #43][1] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and two Motions to Amend [Doc. #44, #52]. Respondent has responded with a Motion to Dismiss [Doc. #47]. Petitioner filed a reply brief [Doc. #51]. For the reasons set out below, the Court orders that Petitioner's Motions to Amend are granted to the extent that all of Petitioner's contentions have been considered, and recommends that Petitioner's Motion to Vacate Sentence, as amended, be denied, that the Government's Motion to Dismiss be granted, and this action be dismissed.

On June 25, 2007, a grand jury returned a three-count indictment against Petitioner, charging him with bank robbery in violation of 18 U.S.C. § 2113(a) (Count One), armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d) (Count Two), and carry and use, by brandishing, of a firearm during and in relation to armed bank robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Three). Petitioner pled guilty to Counts Two and Three. The court

---

[1] Citations to the record will be to the criminal case unless otherwise indicated.

sentenced Petitioner to 188 months on Count Two and 84 months consecutive on Count Three, for a total term of 272 months. (Am. Judgment [Doc. #32].)

Petitioner's plea agreement stated that he was pleading guilty to Counts Two and Three, with Count Three being described as "carrying and using, by brandishing, a firearm during and in relation to a crime of violence." (Plea agreement [Doc. #23] ¶ 1.) Petitioner's plea agreement advised him that the penalty for Count Three was that he "be sentenced to a term of imprisonment of not less than seven years," and that the term could not run concurrently with any other term of imprisonment. (Id. ¶2(c).)

The transcript of Petitioner's change of plea hearing [Doc. #33], shows that Petitioner entered his guilty pleas upon the advice of counsel. Petitioner acknowledged during the hearing that he had received a copy of his indictment and reviewed it with counsel. He stated that he understood the charges against him. He said that he was fully satisfied with the services of his attorney. Petitioner acknowledged his signature on the plea agreement, and stated that he understood all the terms of the agreement. (Id. at 9.) With respect to Count Three, the Court confirmed with Petitioner's counsel that this was a "brandishing case." (Id. at 12.) The Court then instructed Petitioner that on Count Three, "the maximum possible penalties include a sentence of not less than seven years, no more than life. The sentence must be imposed to run consecutive to any other sentence that [the court] impose[s] in the case." (Id.) Petitioner said that he understood the maximum penalties with respect to Count Three. (Id. at 13.)

Petitioner's sentencing hearing proceeded without any issues. Following entry of Judgment, Petitioner filed a notice of appeal. The Fourth Circuit Court of Appeals affirmed

2

Petitioner's sentence. His counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), discussing only whether Petitioner's sentence was greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a). (Opinion [Doc. #35].) Petitioner did not file a supplemental *pro se* brief on appeal. The judgment of the Fourth Circuit was filed on December 3, 2009. (Judgment [Doc. #36].) There is no indication that Petitioner sought certiorari in the Supreme Court.

With respect to Petitioner's present § 2255 Motion, in Ground One of his Motion [Doc. #43 at 3], he contends that he was "wrongly enhanced for brandishing a firearm" because a jury did not find that he brandished the gun upon proof beyond a reasonable doubt. He argues that his Motion is timely-filed on the basis of Alleyne v. United States, 133 S. Ct. 2151 (2013). (Id. at 8.) Petitioner does not raise any other grounds for relief, and seeks to be resentenced on Count Three. (Id. at 9.)

In his first Motion to Amend [Doc. #44], Petitioner claims that as to Count Two he was wrongly sentenced as a career offender because (1) his prior convictions for assault with a deadly weapon and felony robbery with a dangerous weapon were not qualifying predicate convictions, and (2) he was not advised that he would be found to be a career offender, nor was that finding made by a grand jury or charged in his indictment. He claims that as a result, his sentencing range on Count Two should be from 120 to 151 months with a criminal history category of V.

In Petitioner's second Motion to Amend [Doc. #52], he claims that he should not be a career offender under the rationale of Johnson v. United States, 135 S. Ct. 2551 (2015).

3

The Government argues that because Petitioner pled guilty, there was no <u>Alleyne</u> violation, that <u>Alleyne</u> is not applicable to cases on collateral review, and that Petitioner's Motion was not timely filed under the one-year statute of limitation of section 2255(f). (Motion to Dismiss [Doc. #47].)

With respect to the statute of limitations issue, Petitioner's conviction became final when the time for seeking review of the Fourth Circuit's decision on appeal expired in March 2010. <u>See</u> <u>Clay v. United States</u>, 537 U.S. 522, 527 (2003) (for post-conviction relief purposes, finality attaches when the time for seeking certiorari in the Supreme Court expires). Section 2255(f)(1) requires that motions to vacate sentence be filed within one year of the conviction becoming final, subject to certain exceptions. Under subsection (f)(1), Petitioner's filing deadline was in March 2011. Petitioner's first, defective attempt to file a section 2255 motion was not until November 2012 [Doc. #39]. The Motion presently under consideration was filed in August 2013 [Doc. #43]. Therefore, his Motion and any later attempts to supplement his Motion are barred by the one-year limitation period of section 2255(f), unless one of the statutory exceptions apply. Petitioner argues that his Motion is timely pursuant to section 2255(f)(3) or (f)(4). Subsection (f)(3) allows the one-year limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Subsection (f)(4) allows the one-year limitation period to run from the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence. There are several problems with Petitioner's arguments.

First, the decision upon which Petitioner relies to support his argument that his original Motion is timely, Alleyne, has not been made retroactively applicable to cases on collateral review.  See United States v. Stewart, 540 F. App'x 171 (4th Cir. 2013) (noting that Alleyne has not been made retroactively applicable to cases on collateral review); United States v. Nichols, No. 3:13-CV-474, 2015 WL 4095783, at *3 (E.D. Va. July 7, 2015) (finding that Alleyne "is not retroactive on collateral review" and citing cases).  Therefore, subsection (f)(3) does not apply to make Petitioner's Motion timely.[2]

Similarly, subsection (f)(4) does not apply to Petitioner's Motion.  That subsection applies to newly discovered facts.  The Fourth Circuit has rejected the argument that a legal rule for sentencing purposes may be considered a "fact" under subsection (f)(4).  Whiteside v. United States, 775 F.3d 180, 182-84 (4th Cir. 2014), cert. denied, 135 S. Ct. 2890 (2015).  Petitioner's Motion should therefore be dismissed as being filed outside the one-year statute of limitation.

Further, even if considered on its merits, Petitioner's claim based on Alleyne is without merit.  Unlike the defendant in Alleyne, Petitioner pled guilty and the record described above shows that the indictment charged him with brandishing a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and he admitted that he brandished the firearm involved in the bank robbery.  He did so by agreeing with the factual basis for his plea, by signing his plea agreement, and by entering his plea.  See United States v. Johnson, 732 F.3d 577, 584 (6th Cir. 2013) ("We have

---

[2] Moreover, because Alleyne is not retroactively applicable on collateral review, Petitioner cannot establish that he is entitled to collateral relief based on Alleyne.  Thus, to the extent Petitioner contends in his reply brief that it was error for the presiding judge not to mention "brandishing" in the recitation of the elements of the offense during the Rule 11 hearing, this contention based on Alleyne would not support a claim on collateral review.

5

recognized that Alleyne's extension of Apprendi to facts that increase a minimum statutory sentence left undisturbed our decisions holding that a defendant's knowing admission of the facts necessary for an enhanced sentence is fatal to his . . . claim."); United States v. Yancy, 725 F.3d 596, 599–600 (6th Cir. 2013); United States v. Harris, 543 F. App'x 587, 589 (7th Cir. 2013); United States v. Oliver, 544 F. App'x 858, 860–61 (11th Cir. 2013). Therefore, even if considered, Petitioner's claim lacks merit.

With respect to Petitioner's first Motion to Amend [Doc. #44], Petitioner appears to rely upon Alleyne again, but he attacks his career offender status on Count Two. His reliance upon Alleyne does not satisfy either subsections (f)(3) or (f)(4), for the same reasons discussed above. Moreover, even if this claim were timely, it would fail. In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Court of Appeals for the Fourth Circuit recently held that a challenge to a career offender designation based on new case law was not the type of alleged sentencing error that could be corrected on collateral review. Therefore, Petitioner's career offender challenge in this case is not cognizable in this collateral review proceeding.

Finally, in his second Motion to Amend [Doc. #52], Petitioner argues that he was not properly sentenced as a career offender in light of Johnson v. United States, 135 S. Ct. 2551. Petitioner's reliance upon Johnson is misplaced. In Johnson, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e), is unconstitutionally vague. However, Petitioner here does not assert any claim based on the Armed Career Criminal Act, and instead raises a claim challenging his status as a career offender on Count Two. Such

6

an argument is not cognizable in this § 2255 proceeding under United States v. Foote, as discussed above.

In sum, all of Petitioner's claims are time-barred, and even if timely, would not entitle Petitioner to relief in this collateral review proceeding.

IT IS THEREFORE ORDERED that Petitioner's Motions to Amend [Doc. #44, #52] are GRANTED to the extent that the Court has considered all of the contentions raised by Petitioner.

IT IS RECOMMENDED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, as amended, [Doc. #43] be dismissed, that Respondent's Motion to Dismiss [Doc. #47] be granted, and that this action be dismissed.

This, the 22nd day of September, 2015.

/s/ Joi Elizabeth Peake<br>United States Magistrate Judge